IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| JANELLE MURPHEY, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | NO. 1:21-cv-01718-MKB-CLP |
| FBCS, INC., | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

**DEFENDANT FBCS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES AND DEMAND FOR JURY**

Defendant, FBCS, Inc. ("Defendant" or "FBCS"), by and through its undersigned counsel, answers Plaintiff Janelle Murphey's ("Plaintiff") Complaint ("Complaint") and states as follows:

**INTRODUCTION**

1. Admitted in part; denied in part. Defendant admits that Plaintiff styles her Complaint as seeking damages for FDCPA liability. Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint or that it is liable under the FDCPA.

**JURISDICTION AND VENUE**

2. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

3. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

4. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

1

## PARTIES

5. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same. All of the remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

6. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same. All of the remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

7. Admitted in part; denied in part. Defendant admits that it has an office in Montgomery County, Pennsylvania. All of the remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

8. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint, and therefore denies the same.

9. Admitted. in part; denied in part. Defendant admits, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case. Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

10. Admitted in part; denied in part. Defendant admits, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case. Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

11. Admitted in part; denied in part. Defendant admits, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case. Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

12. Admitted in part; denied in part. Defendant admits, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case. Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

13. Admitted in part; denied in part. Defendant admits, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" or engaged in collecting "debts" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Defendant denies the same and demands strict proof thereof. All of the remaining allegations in this paragraph, if any, are denied.

14. Denied. Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint. The remaining allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

15. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

16. Denied.

17. Denied.

18. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

19. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

27. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

28. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

29. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

30. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

31. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required. By way of further response, Exhibit A is a document the terms of which speak for themselves.

32. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

33. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required. By way of further response, Exhibit A is a document the terms of which speak for themselves.

34. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

35. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

36. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

37. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

38. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

39. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

40. Denied.

41. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## FIRST COUNT

### Alleged violations of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2)

54. Defendant incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

55. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

56. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

57. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

58. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

59. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

60. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

61. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

62. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

63. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

64. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

65. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

66. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

67. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

68. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## SECOND COUNT

### Alleged violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10)

69. Defendant incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

70. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

71. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

72. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

73. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

74. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

75. Denied.

76. Denied.

77. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

78. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

79. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

80. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

81. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

82. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

83. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

### THIRD COUNT

### Alleged violations of 15 U.S.C. §§ 1692g

84. Defendant incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

85. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

86. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

87. Denied. The allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## DEMAND FOR JURY

88. Defendant admits Plaintiff demands a trial by jury. Defendant demands a jury pursuant to Fed. R. Civ. P. 38 for all issues so triable.

WHEREFORE, Answering Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Answering Defendant its reasonable attorneys' fees and costs incurred in defending this action; deny any other requested damages, fees, costs, other legal and equitable relief and for other such further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the statute of limitations.

3. Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. At all pertinent times, Defendant complied with the Fair Debt Collection Practices Act ("FDCPA").

5. Defendant affirmatively alleges that Plaintiff's claims are barred by the lack of standing under Article III of the Constitution. *See Spokeo Inc. v. Robins*, 136 S. Ct., 1540, 1544-1550, 194 L.Ed.2d 635 (2016).

6. Defendant affirmatively alleges that Plaintiff's claims are barred by the absence of an actual or imminent injury that is concrete and particularized. *See Spokeo Inc. v. Robins*, 136 S. Ct., 1540, 1544-1550, 194 L.Ed.2d 635 (2016).

7. Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

Respectfully Submitted:

**KAUFMAN DOLOWICH & VOLUCK, LLP**

By: */s/ RICHARD J. PERR*
RICHARD J. PERR, ESQUIRE
Four Penn Center
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kdvlaw.com
Attorneys for Defendant FBCS, Inc.

Dated: April 29, 2021

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

David M. Barshay, Esquire
Barshay, Rizzo & Lopez, PLLC
445 Broadhollow Road, Suite C118
Melville, NY 11747
dbarshay@brlfirm.com

Attorneys for Plaintiff

*/s/ Richard J. Perr*
RICHARD J. PERR, ESQUIRE

Dated: April 29, 2021